UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NATHAN ALLEN KLINE,

    Petitioner,

v.     CAUSE NO. 3:20-CV-194-DRL-MGG

WARDEN,

    Respondent.

OPINION & ORDER

Nathan Allen Kline, a prisoner without a lawyer, filed a habeas corpus petition (ECF 1) challenging a prison disciplinary hearing (ISO 19-04-28) where a Disciplinary Hearing Officer (DHO) found him guilty of destruction of state property in violation of Indiana Department of Correction (IDOC) offense B-215 on May 29, 2019. ECF 10-4. As a result, he was sanctioned with the loss of 60 days earned credit time. *Id*.

With the response to the petition, the Warden filed a motion asking to seal Confidential Exhibit G, a compact disc containing video surveillance. ECF 10-13. Release of this video could disclose information about the prison's surveillance capacity which could be harmful to others or compromise the security of the facility. The petitioner will not be prejudiced because the relevance of this evidence will be evaluated by the court. *See Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003); *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1078 (7th Cir. 1994); *Wells v. Israel*, 854 F.2d 995, 999-1000 (7th Cir. 1988). The court grants the motion to seal.

With his traverse, Mr. Kline filed two motions. ECF 14-16. First, he filed a belated motion to enlarge time to file the traverse because COVID-19 reduced access to the law library. ECF 15. Good cause having been shown, the motion will be granted and the traverse will be accepted as timely filed. Second, he filed a motion asking to strike the Warden's reference in the response brief to the Monty Python skit, Ministry of Silly Walks, because it is not relevant to this case. ECF 16. Though reference to the skit is not critical to the case, neither is it inappropriate, impertinent, or scandalous. The court denies the motion to strike.

In the habeas corpus petition, Mr. Kline raised three grounds. ECF 1. In ground one, he argues there was insufficient evidence to support the finding of guilt because there is no photographic evidence of destroyed property. In ground two, he argues the reporting officer, Lt. Williams, did not see him destroy property. This too is an argument about the sufficiency of the evidence.

In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, the conduct report states:

> On 4-29-19 approx 9:13:15 am offender Kline, Nathan, #191154 E2-R6-3 was observed on camera putting on a khaki jumpsuit and a pair of boots in the day room. Approx 9:14:52 is observed taking the heel of his boots leaving black marks on the floor in the education hallway. Approx. 9:15 he is observed again sliding his boots across the floor for the next 30 second in education hallway leaving black marks Approx 9:18 am offender Kline is seen giving boots back to Offender Blake. Before any recreation lines were ran there wasn't any black marks in the education hallway.

ECF 10-1. In addition, confidential Exhibit G is video of Mr. Kline walking down the hall dragging his feet on the floor as described in the conduct report. Before he walks down the hall, there are no black marks on the floor. After he passes, there are black marks on the floor.

With his traverse, Mr. Kline filed a copy of Appendix I: Offenses dated June 4, 2018. ECF 14 at 6. In this document, B-215 is titled "Unauthorized Possession of Property" and defines the offense as "[u]nauthorized possession, destruction, alteration, damage to, or theft of property." *Id*. The Warden filed an unidentified document showing the title of B-215 as "Unauthorized Possession of Property," which defines the offense as "[u]nauthorized possession, destruction, alteration, damage to, or theft of State property or property belonging to another." ECF 10-10. It is disappointing the Warden didn't explain the source of the document or its date of adoption. As a result, it is unclear which (if either) of these definitions was applicable on April 29, 2019, when this incident occurred. Nevertheless, even under the definition provided by Mr. Kline, the video of

him scuffing his boots and leaving black marks on the floor is overwhelming evidence he altered and damaged the floor, so neither ground one nor two is a basis for habeas corpus relief.

In ground three, Mr. Kline argues prison officials violated IDOC policy by placing him in restrictive housing before his hearing on this charge. However, the violation of a prison policy is not a basis for habeas corpus relief. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Therefore, ground three is not a basis for habeas corpus relief.

If Mr. Kline wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because, pursuant to 28 U.S.C. § 1915(a)(3), an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) GRANTS the motion to seal (ECF 11);

(2) DIRECTS the clerk to maintain Confidential Exhibit G (ECF 13) under seal;

(3) EXCUSES the Warden from serving a copy of Confidential Exhibit G (ECF 13) on the Petitioner;

(4) GRANTS the motion to enlarge time to file the traverse (ECF 15);

(5) FINDS the traverse (ECF 14) filed on September 21, 2020, to be timely filed;

(6) DENIES the motion to strike (ECF 16);

(7) DENIES the habeas corpus petition;

(8) DIRECTS the clerk to enter judgment; and

(9) DENIES the Petitioner leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

November 16, 2020          *s/ Damon R. Leichty*
                                         Judge, United States District Court